UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MONA ARCENEAUX, ET AL** | * | **CIVIL NO. 12-2349** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MIDSOUTH BANK N A** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION ON MOTION FOR PARTIAL DISMISSAL**

Pending before the undersigned for Report and Recommendation is Defendants' Motion for Partial Dismissal of Plaintiff's Original and First Amended Petition Pursuant to Federal Rule of Civil Procedure 12(b)(b) filed by defendant, MidSouth Bank ("MidSouth"), on October 9, 2012.  [rec. doc. 8].  No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, I recommend that the motion be **GRANTED**.

**BACKGROUND**

Mona Arceneaux ("Arceneaux"), a black female, was hired by MidSouth in May, 2000, as a Personal Banker at its branch in Breaux Bridge, Louisiana.  In November, 2008, she was promoted to Banking Center Manager.  In January, 2011, she assumed the position of Universal Banker III.[2]

Arceneaux asserts that she began getting write-ups and warnings based on the complaints of a white female Universal Banker, who is no longer with the bank.  She also

---

[1] LR 7.5 provides that opposition shall be filed within 21 days of service of the motion.

[2] According to MidSouth's records, Arceneaux was reassigned from the Branch Manager position to a sales position in February, 2011.  However, this discrepancy does not affect the issues raised in the instant motion.

alleges that the district manager, who is white, reprimanded her without following the bank's policies and procedures.  She further contends that she was subjected to harassment, adverse treatment and negative racial slurs.

Additionally, Arceneaux stated that she suffered a serious medical condition and applied for relief under the Family and Medical Leave Act, which was awarded to her in December, 2010.  After she returned to work in January, 2011, she was "retaliate[d] against" by the bank, which actions allegedly included re-assigning her duties, interfering with her job responsibilities, isolating her from team meetings, forcing her demotion, making false statements about her to others in the banking industry and denying her relocation opportunities. [rec. doc. 1, First Amended Petition for Damages, ¶ 19].  She received another write up and was placed on probation.

Arceneaux submits when she was released to return from leave, she was directed to report to another branch location instead of her designated location in Breaux Bridge.  While at the other location, she "started hearing from customers all the negative information that was stated to them while I was out."  On March 18, 2011, Arceneaux resigned.[3]  She stated that she received her right to sue letter from the EEOC on March 8, 2012.  [rec. doc. 1, First Amended Petition for Damages, ¶ 25].

On June 11, 2012, Arceneaux filed a Petition against MidSouth in the 16th Judicial District Court for Parish of St. Martin, State of Louisiana, asserting claims under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*., Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., and Louisiana state law, LA REV. STAT. 23:301, *et seq*. (employment

---

[3]MidSouth states that its records indicated that Arceneaux submitted her resignation on March 17, 2011.

2

discrimination law), LA REV. STAT. 51:2256 (anti-retaliation statute), and LA. REV. STAT. 23:967 (whistleblower statute). She also asserted tort claims under LA. CIV. CODE ANN. Art. 2315 for "emotional distress" and defamation. MidSouth removed the action to this Court on September 11, 2012.

On October 9, 2012, MidSouth filed the instant Motion for Partial Dismissal of Plaintiff's Original and First Amended Petition Pursuant to Federal Rule of Civil Procedure 12(b)(b). [rec. doc. 8]. By this motion, MidSouth also seeks to dismiss Arceneaux's state law claims for infliction of emotional distress and defamation.

### *Standard for Motion to Dismiss*

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (*quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.*, 495 F.3d at 205 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. (*quoting Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1964-65 (citations, quotation

marks, and brackets omitted) (emphasis added). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*.

## ANALYSIS

MidSouth asserts that Arceneaux's tort claims for infliction of emotional distress and defamation have prescribed, and that her claims under Title VII are untimely. In addition, MidSouth argues that Arceneaux has failed to plead sufficient facts to maintain a claim for infliction of emotional distress or defamation.

Arceneaux does not indicate in the pleadings whether she is asserting a claim for intentional or negligent infliction of emotion distress. In order to recover for intentional infliction of emotional distress under Louisiana law, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991).

Although an independent tort of negligent infliction of emotional distress is not recognized, Louisiana law allows recovery for negligent infliction of emotional distress in cases involving the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Givs v. City of Eunice*, 512 F.Supp.2d 522, 548 (W.D. La. 2007) (Melançon, J.) (*quoting Moresi v. Dept. of*

*Wildlife and Fisheries*, 567 So.2d 1081, 1096 (La.1990); *Vallery v. Southern Baptist Hospital*, 630 So.2d 861, 866 (La.App. 4th Cir.1993)).  However, recovery is limited to instances of outrageous conduct where there is evidence of severe mental disturbance or there is some personal injury or property damage or the plaintiff was in great fear of his personal safety.  *Id*.

Here, Arceneaux has not sufficiently pled a cause of action for either negligent or intentional infliction of emotional distress.  In any event, the undersigned finds that Arceneaux's claims under either theory have prescribed.

Under Louisiana law, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained.  LA. CIV. CODE ANN. Art. 3492; *Daigle v. McCarthy*, 444 F.Supp.2d 705, 710 (W.D. La. 2006) (Melançon, J.).  Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action.  *Id.* (*citing Cole v. Celotex Corp*., 620 So.2d 1154, 1156 (La. 1993)).

In this case, all actions of which Arceneaux complains occurred prior to her resignation on March 17 or 18, 2011.  The Petition was not filed until June 11, 2012, about 15 months later.  Thus, Arceneaux's claim for infliction of emotional distress has prescribed.

Likewise, Arceneaux's claim for defamation has prescribed.  Under Louisiana law, a successful cause of action for defamation requires the existence of the following four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting

injury. *Floyd v. Wells Fargo Home Mortg. Co.*, 848 F.Supp.2d 635, 642 (E.D. La. 2012) (*citing Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004)).

Here, Arceneaux alleges that "she started hearing from customers all the negative information that was stated to them while I was out." [rec. doc. 1, First Amended Petition for Damages, ¶ 23]. This vague allegation, which does not identify who made the negative statements, to whom they were made, or what they were, does not contain enough facts to state a claim for relief. *Twombly*, 550 U.S. at 544, 127 S.Ct. 1974. Regardless, the claim has clearly prescribed on its face, as the Petition was filed almost 15 months after her employment terminated.

MidSouth also argues that Arceneaux's Title VII claim is untimely. Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id.* (*citing Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996)).

Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. *Id.* (*citing Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *Id.* (*citing Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir.1986)). Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the

6

ninety-day period). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Id.* (*quoting Dao*, 96 F.3d at 789).

Here, Arceneaux stated in her Petition that she received her right to sue letter from the EEOC on March 8, 2012.  [rec. doc. 1, First Amended Petition for Damages, ¶ 25].  However, she did not file suit until June 11, 2012, which was more than 90 days after receipt of the EEOC's determination.  Accordingly, Arceneaux's Title VII claim is time-barred.

## CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Motion for Partial Dismissal of Plaintiff's Original and First Amended Petition Pursuant to Federal Rule of Civil Procedure 12(b)(b) be **GRANTED**, and that plaintiff's claims for infliction of emotional distress, defamation, and violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*, be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME**

**AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed this 27th day of November, 2012, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 11-28-2012
By: MBD