RECEIVED
NOV - 1 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MONA ARCENEAUX | CIVIL ACTION NO. 12-2349 |
| VERSUS | JUDGE DOHERTY |
| MIDSOUTH BANK | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before the Court is a "Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)" [Doc. 23] filed by defendant MidSouth Bank.

MidSouth Bank seeks dismissal of plaintiff's claims against it under the Family and Medical Leave Act, 29 U.S.C. §26014, *et seq.*; the Louisiana employment discrimination law, La. Rev. Stat.§23:301, *et seq.*; the Louisiana anti-discrimination statute, La. Rev. Stat. §51:2256; and the Louisiana whistleblower statute, La. Rev. Stat. §23:967. Specifically, MidSouth Bank argues plaintiff is judicially estopped from asserting the foregoing claims in the instant lawsuit because plaintiff failed to disclose her pending EEOC charge and the instant lawsuit to the bankruptcy court in which she filed her Chapter 13 bankruptcy proceeding. Plaintiff has not opposed the motion. Therefore, the "Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)" [Doc. 23] filed by defendant MidSouth Bank, appearing to be well-founded in law and fact

and being unopposed by the plaintiff, is hereby GRANTED.[1] All claims against MidSouth Bank are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___1st___ day of November, 2013.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] This Court notes for the purposes of this Ruling that the plaintiff is a Chapter 13 debtor, and is, therefore, allowed to remain in possession of her estate, with substantially the same powers as the trustee in other chapters. As Judge Haynes noted in his dissent in *Love v. Tyson Foods, Inc.*,

> The debtor in possession performing the duties of the trustee is the representative of the estate and is saddled with the same fiduciary duty as a trustee to maximize the value of the estate available to pay creditors." Though "debtor in possession" is a Chapter 11 term of art, "'the Chapter 13 debtor has been considered analogous to Chapter 11, which grants the debtor full authority as representative of the estate typical of a trustee.'"

677 F.3d 258 273 (5th Cir. 2012) (internal citations omitted).

Considering the foregoing, any argument that the trustee in this matter is the real party in interest is unavailing, as the Chapter 13 debtor is permitted to sue and be sued on behalf of the estate. *See* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defense any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."). While no party has asserted a contrary position in the instant case, the Court notes the foregoing out of an abundance of caution.